In the
# United States Bankruptcy Court
### For the Northern District of Illinois

| | |
|---|---|
| IN RE:<br><br>**ANTHONY PAYNE**,<br><br>DEBTOR. | CASE NO. 19-BK-10450<br>CHAPTER 13<br><br>EASTERN DIVISION<br>HON. DONALD R. CASSLING<br><br>HEARING DATE: SEPT. 19, 2019<br>HEARING TIME:   10:00 A.M. |

# OBJECTION TO
# PLAN CONFIRMATION

The City of Chicago ("City") objects to confirmation of debtor Anthony Payne's proposed chapter 13 plan (Docket 53) ("Plan"). The Plan as proposed does not comply with the provisions of chapter 13, in violation of 11 U.S.C. § 1325(a)(1), and includes terms included in bad faith, in violation of 11 U.S.C. § 1325(a)(3). Consequently, confirmation should be denied.

# The Relevant Plan Provision

The Plan was drafted using Official Form 113.  Paragraph 7.1 of the plan form concerns disposition of estate property, and has three check boxes which provide for vesting of estate property in the debtor upon plan confirmation, upon entry of discharge, or under other circumstances.  The Debtor has checked the second box, indicating that under the Plan property will vest in the Debtor upon entry of discharge, and will remain in the estate until that time.

# Objection I:
# Failure to Comply with
# Provisions of Chapter 13

Section 1325(a)(1) provides that as a condition of confirmation a chapter 13 plan must comply "with the provisions of this chapter[.]" On its face, the Plan appears not to comply with 11 U.S.C. § 1327(b), as interpreted by the Seventh Circuit.

Section 1327(b) provides,

> Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

The Seventh Circuit has held that the phrase "[e]xcept as otherwise

provided in the plan or the order confirming the plan" does not allow for the unquestioned departure from the default situation, i.e., vesting of estate property in the debtor upon confirmation of a plan. Rather, consistency with Section 1327(b) requires a "case-specific order, supported by good case-specific reasons[.]" *Matter of Steenes*, 918 F.3d 554, 558 (7th Cir. 2019). "Section 1327(b) tells us what the norm must be. And the absence of a reason for departing from the statutory norm in any particular case makes it impossible for us to sustain the [order confirming a plan]." *Id*. at 557.

*Steenes* involved deviation from the norm in a confirmation order, rather than a plan term. But the court's reasoning applies in either situation. The court observed that it was "hard to see how the court could justify routinely doing the opposite of what the statute provides." *Id*. That unjustifiable end can be reached by unquestioning confirmation of any plan providing for retention of all property in the estate, just as easily and completely as by using the form order doing so in all cases. The former route is equally as objectionable as the latter route, which the court in *Steenes* held was inconsistent with Section 1327(b)(2).

In fact, even before *Steenes* held that the form confirmation order impermissibly kept all property in the estate after confirmation, the Circuit Court very clearly observed that doing so through a plan term (the exact issue here) was also impermissible. The Seventh Circuit clearly and expressly stated that "[i]t would presumably be an abuse of

discretion for the bankruptcy judge to confirm a plan that retained more of the property in the [estate] than was reasonably necessary to fulfill the plan[.]" *Matter of Heath*, 115 F.3d 521, 524 (1997). Therefore, even if *Steenes* could be limited to disallowing the form confirmation order, although that requires ignoring its reasoning, *Heath* is directed at this exact issue. But *Steenes* is not so limited; instead, it has clarified that, while a debtor may propose a plan or a court may enter an order that keeps property in the estate after confirmation, such a plan or order must be supported by valid case-specific reasons.

Nothing on the face of the Debtor's Plan provides any justification for retention of all property in the estate post-confirmation. Unless the Debtor can establish such reasons, the Plan cannot be confirmed.

# OBJECTION II:
## BAD FAITH

There is no apparent valid reason why all property should be retained in the estate post-confirmation. The most common reason given for doing so is to ensure that the debtor's car is not impounded based on post-petition violations, on the rationale that the debtor needs the car to get to work to make money to fund his or her plan. However, the Seventh Circuit in *Steenes* found that this could not be a valid reason to retain property in the estate.

If a debtor's income and vehicle are sequestered in the estate for the

duration of a chapter 13 case, a law-enforcement entity such as the City is precluded from employing the traditional methods of enforcing traffic violations:   collection of fines and/or impoundment of a car. Consequently, under those circumstances, a chapter 13 debtor is effectively free to flout traffic and parking regulations with no consequences for the duration of the case.  But as the Seventh Circuit says,

> Immunity from traffic laws for the duration of a Chapter 13 plan does not seem to us an outcome plausibly attributed to the Bankruptcy Code. Nothing in the text of the Code so much as hints at such an objective, and one point of returning property to the debtors' ownership under § 1327(b) is to ensure that debtors pay the ordinary and necessary expenses of maintaining that property. *Steenes*, 918 F.3d at 557.

The argument referenced above regarding debtors' need for cars was of course put forth in *Steenes*, but the Seventh Circuit rejected it, stating that, as justification for keeping property in the estate, that reason "would have been inadequate, had [it] been articulated by bankruptcy judges." *Id*. The court further explained that "[t]he problem with this rationale is that it does not explain why Chapter 13 permits debtors to use particular assets to earn money without paying the assets' expenses." *Id*.

So, evading the consequences of post-petition ordinance violations cannot be a valid reason to keep property in the estate.  "The Bankruptcy Code cannot reasonably be read to enlist the judiciary's aid in

5

permitting debtors to violate the law." *Steenes*, 918 F.3d at 558. It appears that paragraph 7.1 of the Debtor's Plan is an attempt to achieve this impermissible goal.  It cannot be seen how this term "has any effect, any at all, other than sheltering scofflaws." *Id.*  The debtor's attempt to confirm a plan to achieve this improper purpose constitutes bad faith, and the Plan thus cannot be confirmed pursuant to Section 1325(a)(3).

## CONCLUSION

For the foregoing reasons, the Plan does not meet the requirements for confirmation under Sections 1325(a)(1) and (3), and consequently confirmation should be denied.

DATED: SEPTEMBER 16, 2019                RESPECTFULLY SUBMITTED,

                                         **THE CITY OF CHICAGO**

                                         Mark Flessner
                                         Corporation Counsel

                                         By: /s/ David Paul Holtkamp
                                         Senior Counsel

David P. Holtkamp (6298815)
Senior Counsel
**CITY OF CHICAGO, DEPARTMENT OF LAW**
Chicago City Hall
121 N LaSalle St., Ste. 400
Chicago, IL 60602
Tel:    (312) 744-6967
Email: David.Holtkamp2@cityofchicago.org

## CERTIFICATE OF SERVICE

I, David Paul Holtkamp, an attorney, hereby certify that on September 16, 2019, I caused a copy of the foregoing Objection to Plan Confirmation to be served via the court's electronic noticing system for Registrants on those designated to receive such service in the above captioned case.

/s/ David P. Holtkamp

## SERVICE LIST

**Registrants**
(Via CM/ECF)

| | |
|---|---|
| Richard G. Fonfrias | flgbkcourtmail@gmail.com |
| Cari A. Kauffman | ckauffman@sormanfrankel.com |
| Taylor E. Muzzy | tmuzzy@jbosh.com |
| Andrea Handel | andrea.handel@usdoj.gov |
| Tom Vaughn | ecf@tvch13.com |
| Patrick S. Layng | USTPRegion11.ES.ECF@usdoj.gov |