UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 19 B 10450 |
| ANTHONY PAYNE, ) | Chapter 13 |
| ) | Judge Donald R. Cassling |
| Debtor. ) | |

ORDER DENYING DEBTOR'S MOTION FOR DAMAGES AGAINST THE CITY OF CHICAGO FOR VIOLATION OF THE AUTOMATIC STAY (DTK. NO. 48)

I. INTRODUCTION

This matter is before the Court on the Motion for Damages Against the City of Chicago ("the City") for Violation of the Automatic Stay by Debtor, Anthony Payne. For the following reasons, this Court denies Debtor's motion.

II. BACKGROUND

Debtor filed a Chapter 13 petition on April 10, 2019. (Dkt. No. 1.) Before that date, the City took possession of Debtor's 2016 Volkswagen Jetta ("Vehicle"). (Dkt. No. 48.) Debtor listed the City as a creditor in his initial filings and faxed the City a copy of his bankruptcy filings the same day he filed for bankruptcy. (*Id.*) Two days later, Debtor called the City's finance department and informed the department of his bankruptcy petition and provided his bankruptcy case number. (*Id.*) Debtor then asked the City to return the Vehicle, but the City refused. (*Id.*) The City filed a proof of claim on April 24, 2019, but never sought relief from the automatic stay. (*Id.*)

On June 19, 2019, the Seventh Circuit ruled in *In re Fulton*, 926 F.3d 916, 929 (7th Cir. 2019), *petition for cert. filed*, (U.S. Sept. 18, 2019) (No. 19-357) that requiring the City to return impounded cars to debtors in bankruptcy does not deprive the City of its possessory liens in those

cars because those turnovers are involuntary. The basis for that conclusion is that the automatic stay in bankruptcy compels return of the vehicles without the need for further court order. As a result, under *Fulton*, the City has no right to retain possession of impounded cars under § 362(b)(3) after debtors file for bankruptcy.

On June 22, 2019, three days after the Seventh Circuit decided *Fulton*, the City relinquished control of Debtor's Vehicle. (Dkt. No. 88, p. 1.) Debtor then filed this Motion for Damages on June 27, 2019 against the City alleging a willful violation of the automatic stay.

### III. DISCUSSION

When a creditor willfully violates the automatic stay, 11 U.S.C. § 362(k)(1) provides a remedy for the debtor to recover both actual and punitive damages, including his costs and attorney fees. However, to recover damages under § 362(k)(1) for violating the automatic stay, a debtor must first establish, by a preponderance of the evidence, that: (1) he filed a bankruptcy petition; (2) he is an individual covered by the automatic stay provision; (3) the creditor had notice of the petition; (4) the creditor's actions were in willful violation of the stay; and (5) the debtor suffered damages. *In re Gossett*, 369 B.R. 362, 375 (Bankr. N.D. Ill. 2007).

Because the holding in *Fulton* makes clear that the City's retention post-bankruptcy of Debtor's Vehicle violated the automatic stay, the only issue here is whether the City *willfully* violated the stay. A violation of the stay is deemed willful if a creditor (1) had actual notice of the bankruptcy filing and (2) commits a deliberate act when it violated the stay. *In re Radcliffe*, 563 F.3d 627, 631 (7th Cir. 2009). A willful violation does not require a finding of specific intent of the creditor to violate the stay, but the court must find that the creditor's actions were intentional. *Johnson v. RJM Acquisitions, LLC*, No. 11 B 40007, 2012 WL 930386, at *9 (Bankr. S.D. Ill. Mar. 19, 2012). In addition, to recover actual damages for a willful violation of the stay, the debtor

2

must show the amount of damages with reasonable certainty. *In re Wilke*, No. 10 B 04976, 2010 WL 2034525, at *5 (Bankr. N.D. Ill. May 20, 2010).

Debtor argues in his Motion for Damages that the City's refusal to release his Vehicle for over two months after his bankruptcy filing was a willful violation of the automatic stay because it constituted a demand for payment. In response, the City points out that its refusal was not willful under § 362(k) because of this Court's decision in *In re Avila*, 566 B.R. 558 (Bankr. N.D. Ill. 2017). In that opinion, this Court ruled that the City was protected by § 362(b)(3) and could retain possession of impounded vehicles without violating the automatic stay because that possession was necessary for the City to preserve its non-consensual possessory liens in the vehicles. *Id.* at 563. While *Fulton* no doubt had the effect of overruling *Avila*, this Court consistently refused to alter its holding in *Avila* until the Seventh Circuit issued its decision in *Fulton*. This Court decided *Avila* on March 21, 2017 – over two years before Debtor filed for bankruptcy.

By contrast, the Seventh Circuit did not issue its opinion in *Fulton* until June 19, 2019 – over two months after Debtor filed for bankruptcy. It is true that the City retained possession of Debtor's Vehicle for three days after *Fulton* was decided. Debtor, however, has failed to argue either in his Motion for Damages or his reply that the City's retention of the Vehicle for those three days willfully violated the automatic stay. (*See* Dkt. Nos. 48 & 88.) As a result, that argument has been forfeited. *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.").

Debtor instead argues the City's retention of the Vehicle was a willful violation of the automatic stay because the City's reliance on *Avila* at any time during Debtor's bankruptcy was

3

*per se* unreasonable. Debtor's argument is, in essence, a "popularity-contest" argument: Because four other bankruptcy courts in this District reached a different result than this Court did in *Avila*, the Debtor argues that the City should have recognized that it was both objectively and subjectively unreasonable for the City to continue to rely on *Avila*. (Dkt. No. 88, p. 4.) This argument is specious. First, this Court is not bound by the decisions of any other bankruptcy judges from this District or elsewhere. *See In re Kreisler*, 331 B.R. 364, 375-76 n.8 (Bankr. N.D. Ill. 2005), *aff'd*, 352 B.R. 671 (N.D. Ill. 2006), *rev'd on other grounds*, 546 F.3d 863 (7th Cir. 2008). That other bankruptcy judges reached a different result has no *stare decisis* effect on this or any other court. Second, Debtor's argument ignores the fact that this particular case was *not* pending before any of the four judges who disagreed with the reasoning of *Avila*; instead, it was pending before the Court that issued the *Avila* decision. Moreover, this Court takes judicial notice of the fact that it has consistently followed its own decision in *Avila* in other cases involving the City, and it was therefore not unreasonable for the City to conclude that this Court would not change its view simply because four other bankruptcy courts disagreed with it.

The City has also argued that § 362(a) of the Bankruptcy Code is unconstitutional because it violates the City's procedural due process rights protected by the Fifth Amendment. (Dkt. No. 55, p. 8.) The United States was notified of this argument and filed a brief rejecting the City's argument. (Dkt. No. 79.) Debtor has adopted the position taken by the United States in its brief. (Dkt. No. 88.) This Court believes that it is not prudent to address constitutional defenses where the matter may be decided on other grounds. *See Camreta v. Greene*, 563 U.S. 692, 705 (2011) ("[A] longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."). The Court therefore declines to address

4

the City's constitutional defenses here because the denial of Debtor's Motion for Damages on other grounds moots them.

## IV. CONCLUSION

For these reasons, Debtor's Motion for Damages is denied.

**ENTERED:**

DATE: OCT 3 1 2019

Donald R Cassling /s/ PoC

**Donald R. Cassling**
**United States Bankruptcy Judge**

5